FILED IN CHAMBERS
THOMAS W. THRASH JR.
U.S.D.C. Atlanta

FEB 28 2020

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE EQUIFAX, INC. DERIVATIVE LITIGATION | Civil Action No.: 1:18-CV-00317-TWT |

## ~~[PROPOSED]~~ ORDER PRELIMINARILY APPROVING SETTLEMENT

WHEREAS, a consolidated derivative action is pending before this Court styled *In re Equifax, Inc. Derivative Litigation*, No. 18-CV-00317-TWT (the "Consolidated Action");

WHEREAS, Plaintiffs have made an application, pursuant to Federal Rule of Civil Procedure 23.1(c), for an order: (i) preliminarily approving the proposed settlement (the "Settlement") of the Consolidated Action in accordance with the Stipulation of Settlement and Release Agreement dated February 12, 2020 (the "Agreement"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed Settlement and dismissal of the Consolidated Action with prejudice; and (ii) approving the form and manner of the dissemination of the Summary Notice and Notice to Current Equifax Stockholders, attached as Exhibits B and C, respectively, to the Agreement; and (iii) scheduling a date for the

Settlement Hearing (defined below), pursuant to Federal Rule of Civil Procedure 23.1, for the Court to consider and determine whether to approve the terms of the Settlement as fair, reasonable, and adequate, including the payment of attorneys' fees and expenses in the amount separately negotiated by the Parties and proposed by the mediator, and Service Awards to each of the Lead Plaintiffs;

WHEREAS this Court has considered the Agreement and the exhibits attached thereto and the arguments of the Parties; and

WHEREAS all capitalized terms contained herein shall have the same meanings as set forth in the Agreement (in addition to those capitalized terms defined herein);

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1. This Court has jurisdiction over the subject matter of the Consolidated Action, and the Parties to the Agreement agreed to submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Agreement.

2. The Court does hereby preliminarily approve the Agreement and the Settlement set forth therein, subject to further consideration at the Settlement Hearing (defined below).

3.  A hearing (the "Settlement Hearing") shall be held before this Court on _June 22_, 2020, at _9:30 a_.m. [a date that is at least 40 calendar days from the date of entry of this Preliminary Approval Order] at the United States District Court for the Northern District of Georgia, Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive SW, Courtroom 2108, Atlanta, GA 30303-3309, to (i) determine whether the Settlement of the Consolidated Action on the terms and conditions provided for in the Agreement is fair, reasonable, and adequate and in the best interests of Equifax and its stockholders; (ii) hear and rule on any objections by Current Equifax Stockholders to the proposed Settlement, the proposed Order and Final Judgment, the proposed Fee and Expense Award and the proposed Service Awards; (iii) determine whether to approve the Fee and Expense Award and Service Awards; and (iv) determine whether the Court should enter the Order and Final Judgment, attached as Exhibit D to the Agreement, which would dismiss with prejudice the Consolidated Action and release the Released Claims.

4.  The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to Current

Equifax Stockholders, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement.

5. Within ten (10) business days after the entry of this Order, Equifax shall cause a notice of the Settlement Hearing, in substantially the form attached as Exhibit C to the Agreement (the "Notice") to be posted on the investor relations section of its website at https://investor.equifax.com. Lead Counsel shall cause the Notice to be posted on the firm's website at www.weisslawllp.com. Additionally, within ten (10) business days after the entry of this Order, Equifax shall cause a Summary Notice, in substantially the form attached as Exhibit B to the Agreement, to be published once in *Investor's Business Daily*. Other than Lead Counsel's posting of the Notice on the firm's website, all costs incurred in posting and publishing the Notice in the form and manner ordered by the Court shall be paid by Equifax.

6. The form and method of notice provided in the preceding paragraph is the best notice practicable, constitutes due and sufficient notice of the Settlement Hearing to all persons entitled to receive such a notice, and meets the requirements of Federal Rule of Civil Procedure 23.1, the United States Constitution, and other applicable law.

7. At least twenty-eight (28) calendar days prior to the Settlement Hearing, Defendants' counsel shall serve on Lead Counsel and file with the Court proof, by affidavit or declaration, of posting and publication of the Notices.

8. At least twenty-eight (28) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of posting of the Notice.

9. All papers in support of the Settlement, the Fee and Expense Award, and the Service Awards shall be filed with the Court and served at least twenty-one (21) calendar days prior to the Settlement Hearing. The Parties shall file with the Court and serve responses to any objections filed pursuant to ¶ 10 below at least five (5) calendar days prior to the Settlement Hearing.

10. Any Current Equifax Stockholder may object to the Settlement of the Consolidated Action, the proposed Order and Final Judgment, the proposed Fee and Expense Award, and/or the Service Awards, and may also (but need not) appear in person or by his, her, or its attorney at the Settlement Hearing; provided, however, that no Current Equifax Shareholder or any other person or entity shall be heard or entitled to contest such matters unless that person has fully complied with the terms set out herein. To object, such stockholders must submit copies of: (a) a written

statement identifying such person's or entity's name, address, and telephone number, and, if represented by counsel, the name, address, and telephone number of counsel; (b) proof of continuous ownership of Equifax common stock from at least September 7, 2017 to the date of the Settlement Hearing, including the number of shares of Equifax common stock and the date or dates of purchase; (c) a written statement explaining the person's or entity's objection and the reasons for such objection; and (d) any documentation in support of such objection. Any objection should not exceed twenty-five (25) pages in length. If the stockholder wishes to appear at the Settlement Hearing, he, she, or it must also include a statement of intention to appear at the Settlement Hearing. Such materials must be filed with the Clerk of the United States District Court for the Northern District of Georgia - Atlanta Division and sent by first class mail to the following addresses and postmarked at least fourteen (14) calendar days before the Settlement Hearing:

>    WEISSLAW LLP
>    Joseph H. Weiss
>    1500 Broadway, 16th Floor
>    New York, New York 10036
>
>    *Counsel for Lead Plaintiffs Nancy A.K. and John Weyl and Lead Derivative Counsel*
>
>    KING & SPALDING LLP
>    Michael R. Smith
>    B. Warren Pope

1180 Peachtree Street N.E.
Atlanta, GA 30309

-and-

WILMER CUTLER PICKERING HALE AND DORR LLP
Timothy J. Perla
60 State Street
Boston, Massachusetts 02109

-and-

TROUTMAN SANDERS LLP
David M. Chaiken
600 Peachtree Street NE, Suite 3000
Atlanta, Georgia 30308-2216

-and-

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Steven G. Madison
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017

Michael Liftik
1300 I Street NW, Suite 900
Washington, DC 20005

*Counsel for Defendants*

Any person or entity who fails to object in the manner described above shall be: (i) deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement, Order and Final Judgment, the Fee and Expense Award, and the Service Awards;

(ii) barred from raising such objection in this Consolidated Action or any other action or proceeding related thereto; and (iii) bound by the Order and Final Judgment and the releases of claims therein. A Current Equifax Stockholder objecting or otherwise requesting to be heard at the Settlement Hearing shall be deemed to have submitted to the jurisdiction of the Court with respect to the objection or request to be heard and the subject matter of the Settlement, including, but not limited to, enforcement of the terms of the Settlement (including the release of the Released Claims provided for in the Agreement and Order and Final Judgment).

11. Pending final determination of whether the Settlement should be approved, all proceedings in the Consolidated Action and all further activity between the Parties regarding or directed toward the Consolidated Action, save for those activities and proceedings relating to the Agreement and the Settlement, shall be stayed.

12. Pending the Effective Date of the Agreement or the termination of the Agreement according to its terms, Lead Plaintiffs and/or any Equifax stockholder derivatively on behalf of Equifax are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or

prosecution of any action asserting any Released Claims against any Released Persons.

13. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Current Equifax Stockholders.

14. All Current Equifax Stockholders shall be bound by all orders, determinations, and judgments in the Consolidated Action concerning the Settlement, whether favorable or unfavorable to Equifax's stockholders.

15. The provisions contained in the Agreement (including any exhibits attached thereto) shall not be deemed a presumption, concession, or admission by any Party of any fault, liability, or wrongdoing, or lack of merit as to any facts or claims alleged or asserted in the Consolidated Action or in any other action or proceeding, and shall not be interpreted, construed, deemed, invoked, offered, or received into evidence or otherwise used by any person in the Consolidated Action or in any other action or proceeding, whether civil, criminal, or administrative, except in connection with any proceeding to enforce the terms of the Settlement. The Released Persons may file the Agreement and/or the Order and Final Judgment in any action that may be brought against them in order to support a defense or

counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16. In the event that the Agreement or Settlement is not approved by the Court, or the Settlement is terminated for any reason, the Parties shall be restored to their respective positions in the Consolidated Action as of the last date before the Agreement, and all negotiations, proceedings, documents prepared, and statements made in connection herewith shall be without prejudice to the Parties, shall not be deemed or construed to be an admission by any Party of any act, matter, or proposition, and shall not be used in any manner for any purpose in any subsequent proceeding in the Consolidated Action or in any other action or proceeding. In such event, the terms and provisions of the Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Consolidated Action or in any other proceeding for any purpose, and any judgment or orders entered by the Court in accordance with the terms of the Agreement shall be treated as vacated, *nunc pro tunc*.

17. In the event the Judgment fails to become final, then it shall be the obligation of Lead Counsel to make appropriate refunds or repayments to Equifax

or its designees of any attorneys' fees and expenses previously paid within ten (10) business days from receiving notice from Equifax's counsel or from a court of appropriate jurisdiction.

IT IS SO ORDERED.

DATED: *February 28, 2020*      *Thomas W. Thrash*
The Honorable Thomas W. Thrash, Jr.
Chief United States District Judge